THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. VINCENT HENDERSHOT, PLAINTIFF IN ERROR.

Submitted May 17, 1930—Decided January 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff in error, *Louise Ruth Shapiro.*

For the defendant in error, *Orville V. Meslar,* prosecutor of the pleas.

PER CURIAM.

The defendant, Hendershot, was indicted by the Morris County grand jury for carnal abuse of Gladys Forester, a woman child over the age of twelve and under the age of sixteen. He was convicted and sues out this writ of error.

The evidence fairly tended to show the following: Defendant was thirty-two years of age; the girl was over the age of twelve years and under the age of sixteen at the time of the offense in November, 1929, when she was subjected to carnal abuse by the defendant. She made no complaint to her father, and her mother was dead. However, her father's suspicions being aroused he took her to a doctor for examination and his and other testimony justified the conclusion that she had been carnally abused. Afterwards, at the request of the mother of the defendant, she went to a justice of the peace, who was also the attorney for the defendant at the time, and made a statement that defendant had not abused her, but that one Willie Blickey was the guilty party; but the girl testified at the trial that that statement was not true. She testified at the trial that she was carnally abused by the defendant. Defendant denied carnal abuse.

The first point is that the court erred in sustaining objection to the following question put by defendant's counsel on cross-examination of complaining witness's father: "And at that time did your daughter talk to Judge Tinney and did he take down her statement?"

That was not proper cross-examination because the witness had merely been asked to his place of residence and the parentage of the complaining witness, and whether or not she had been taken to the doctor; and the question related to a statement which the girl made to Judge Tinney at another time. Moreover, we think, considering the testimony given by the complaining witness and other witnesses, there was no prejudicial error in the exclusion, even if it be considered erroneous.

Defendant complains of error in permitting Dr. Christian to testify as to the physical condition of the girl. It seems to us that the testimony was certainly competent, of course

its weight and value being for the jury, and we think it was left to them. The testimony was intended to corroborate the girl's testimony.

Defendant next says that there was error in excluding a question addressed to the complaining witness by defendant's counsel. But the complaining witness had twice answered the same question and we think the exclusion in question was not erroneous.

Defendant says that the court erred in admitting certain questions put to Frances Palmer, a relative of the complaining witness, by the prosecutor. We think the testimony was competent. It tended to affect the credibility of the witness, but in any event its admission did not prejudice the defendant in maintaining his defense.

Defendant says that the court erred in its charge with respect to the age of the girl. We think not. The judge seems to have left the question of age to the jury. The age of the girl was proven and there was no contradiction thereof. Moreover, the age of the girl, as stated in the certificate, was in effect admitted by the defendant.

There is a further criticism of the charge wherein the court told the jury in effect that they might disregard the statement made to the justice of the peace, if they concluded from the testimony that the statement was untrue. We find no fault with that.

There is another criticism of the charge of the court in respect to the question of sympathy for the mother of the defendant. We think that entirely proper.

It is further complained that the judge erred in charging the jury as to the credence to be given to the testimony. We find nothing erroneous in that.

It is further complained that he erred in charging on reasonable doubt. There is no merit in this. The charge was in accordance with the approved rule.

We think that a consideration of the entire charge makes it quite evident that in no respect was it erroneous.

Lastly, it is argued that the verdict is against the weight of the evidence. We cannot say that it is.

The judgment will be affirmed.